UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STONEY R. FONTENOT, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-98-2883 |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**ORDER**

Pending before the Court is Petitioner's Motion to Vacate Judgment of Conviction as Void In Initio (Dkt. #9). Having reviewed the record, the motion, and the relevant law, the Court is of the opinion that Petitioner's motion should be DENIED.

**Background**

On July 20, 1989, a jury found Petitioner Stoney R. Fontenot ("Fontenot") guilty of sexual assault in the 177th Judicial District Court of Harris County, Texas. Fontenot directly appealed to the Court of Appeals for the First District of Texas. The court affirmed his conviction on July 19, 1990. Fontenot did not file a petition for discretionary review. On September 23, 1997, Fontenot filed a state application for a writ of habeas corpus. On July 29, 1998, the Texas Court of Criminal Appeals denied the application.

On August 31, 1998, Fontenot filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 ("Section 2254"). (Dkt. #1). Subsequently, Respondent filed a motion to dismiss. On May 27, 1999, this Court granted the motion to dismiss and entered an Order of Dismissal on the same date. (Dkt. #7); (Dkt. # 8). The Court found that Fontenot's Section 2254 petition was

barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations.

On May 31, 2007, Fontenot filed his present "Motion to Vacate Judgment of Conviction as Void In Initio." (Dkt. #9). Fontenot contends that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(3), 60(b)(4) and 60(b)(6).

## Discussion

While Fontenot's Rule 60(b) motion is not a model of clarity, it appears that he has raised two grounds for relief. First, Fontenot maintains that this Court had no jurisdiction to enter its May 27, 1999 Memorandum and Opinion (Dkt. #7) and Judgment (Dkt. #8). Second, Fontenot asserts that the state trial court lacked proper subject matter jurisdiction due to a defective indictment.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), the Supreme Court explained how Rule 60(b) motions are to be analyzed in Section 2254 cases. The Fifth Circuit has summarized the Supreme Court's ruling as follows:

> Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Relief is available under Rule 60(b) in habeas proceedings, but of course only in conformity with the AEDPA, including its limits of successive federal petitions. It is a subsequent habeas corpus application whenever the Rule 60 motion presents a "claim" for habeas relief. The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." The Court provided helpful examples, explaining that a Rule 60(b) motion is a habeas claim when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal court's previous resolution of a claim on the merits. Significantly, the Court then explained that there is no new habeas claim "when [a petitioner] merely asserts that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust, procedural default, or

statute-of-limitations bar."

*Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007)(internal citations omitted).  The *Gonzalez* court further indicated that Rule 60(b) "preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction-a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties.  545 U.S. at 534 (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94, 101, 118 S.Ct. 1003, 140 L.Ed. 2d 210 (1998)).

In regard to Fontenot's first claim, it is beyond cavil that this Court had jurisdiction to enter its May 27, 1999 Memorandum and Opinion (Dkt. #7) and Judgment (Dkt. #8).  In Fontenot's original petition, titled "Petition For Writ of Habeas Corpus Of A Person In State Custody," Fontenot asserted four claims alleging that his state custody was in violation of the Constitution or laws or treaties of the United States.  (Dkt. #1).  This Court had jurisdiction to entertain and deny such a petition for a writ of habeas corpus under 28 U.S.C. § 2241, 28 U.S.C. § 2254 and 28 U.S.C. § 1651.  Furthermore, Fontenot's argument is disingenuous in light of his response to Respondent's motion to dismiss, which states that "[t]his Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254."  (Dkt. #5).

In regard to Fontenot's second claim, it is clear that the Court currently does not have jurisdiction to assess it on the merits.  Fontenot did not raise his argument regarding the state trial court's jurisdiction in his original petition or in the state system.  Accordingly, his claim is properly characterized as a new ground of error.  Under *Gonzalez*, this new ground of error must be treated as part of a second or successive Section 2254 motion.  The Court recognizes that Fontenot has not received authorization from the Fifth Circuit to file such a motion, as required by Section 2244(b)(3) of title 28.  Therefore, this Court currently has no jurisdiction to consider

3

Fontenot's second claim.

## Conclusion

Fontenot's Motion to Vacate Judgment of Conviction as Void In Initio (Dkt. #9) is hereby DENIED.

It is so ORDERED.

Signed this 30th day of January, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE